IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff | : | |
| | : | Criminal Action No. 08-30-JJF |
| v. | : | |
| MARCUS DRYDEN, | : | |
| Defendant | : | |

DEFENDANT DRYDEN'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND INCULPATORY STATEMENTS

AND NOW comes the defendant, Marcus Dryden, by his attorney Luis A. Ortiz of the Federal Public Defender's Office, and pursuant to the Fourth and Fifth Amendments of the United States Constitution, files this Motion to Suppress Physical Evidence and Inculpatory Statements.

1. Count 1 of the Indictment charges defendant with possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

2. Count 2 charges possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

3. Count 3 charges possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

4. Count 4 charges possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1).

5. The government has provided defense counsel with a copy of a police report generated after defendant's arrest on January 31, 2008.

6. Without stipulating to the accuracy of the police report, that report alleges as follows:

7. On January 31, 2008, Wilmington police officers conducted a warrantless search of defendant's vehicle, and recovered the firearm identified in Counts 1 and 4, the ammunition identified in Count 2, and the marijuana identified in Count 3.

8. During the course of the warrantless search, defendant was handcuffed.

9. While in handcuffs, police asked the defendant whether there were drugs in the car and whether there was a gun in the car.

10. At the time the police posed these questions, defendant had not been given Miranda warnings.

11. In response to this police questioning, defendant admitted that there was marijuana in the car and also admitted that there was a gun in the car.

12. The police report alleges that the defendant was subsequently given Miranda warnings, and that after receiving these warnings, he again admitted to possessing the gun and the marijuana.

13. Defendant moves to suppress the firearm, the ammunition, and the marijuana, on the ground that they were secured as the result of a warrantless search and seizure, in violation of the Fourth Amendment.

14. Defendant moves to suppress the initial statements to police, on the ground that they were secured during custodial interrogation, without Miranda warnings, in violation of the Fifth Amendment.

15. Defendant moves to suppress the subsequent statements to police, on the ground that he did not knowingly and voluntarily waive his Fifth Amendment Miranda rights.

16. Where a search is conducted without a warrant, the burden is on the government to prove the applicability of an exception to the Fourth Amendment warrant requirement. Vale v. Louisiana, 399 U.S. 30, 34, 90 S.Ct. 1969, 1972 (1970); United States v. Herrold, 962 F.2d 1131, 1137 (3rd Cir. 1992).

17. Where the government seeks to introduce an inculpatory statement taken while defendant was in police custody, the prosecution has the burden of proving that the defendant knowingly, voluntarily and intelligently waived his Fifth Amendment Miranda rights. Colorado v. Connelly, 479 U.S. 157, 168, 107 S.Ct. 515, 522 (1986).

WHEREFORE, it is respectfully requested that an evidentiary hearing be scheduled, and that Defendant's Motion to Suppress Physical Evidence and Inculpatory Statements be GRANTED.

Respectfully submitted,

 /s/  Luis A. Ortiz
Luis A. Ortiz, Esquire
Assistant Federal Public Defender
704 King Street, Suite 110
Wilmington, Delaware 19801
(302) 573-6010 (voice)
ecf_de@msn.com

Attorney for Defendant Marcus Dryden

Date:  April 21, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff | : |
| | : Criminal Action No. 08-30-JJF |
| v. | : |
| MARCUS DRYDEN, | : |
| Defendant | : |

ORDER OF COURT

AND NOW this _____ day of _____, 2008, upon consideration of Defendant Dryden's Motion to Suppress Physical Evidence, it is hereby ordered that the motion is GRANTED, and that the following physical evidence is hereby ordered SUPPRESSED: the firearm identified in Counts 1 and 4, the ammunition identified in Count 2, and the marijuana identified in Count 3. In addition, upon consideration of Defendant's Motion to Suppress Inculpatory Statements, it is hereby ordered that the motion is GRANTED, and that all statements made by defendant to police on January 31, 2008, are hereby ordered SUPPRESSED.

By the Court,

_____
Honorable Joseph J. Farnan, Jr.