UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Criminal Action No. 08-30-JJF |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MARCUS DRYDEN, | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S POST-HEARING REPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND INCULPATORY STATEMENTS** [1]

Defendant Marcus Dryden has filed a Motion to Suppress Physical Evidence and Inculpatory Statements, (Doc. No. 12), seeking to exclude all evidence seized from his car on January 31, 2008, and all of his statements. For the reasons discussed in the Government's Opening Brief, and below, the Government respectfully requests that the Court deny Defendant's motion.

1. In its Opening Brief, the Government explained why the physical evidence seized from the Defendant's car, the Defendant's statements immediately following his arrest to Officer Conkey, and the Defendant's statements a day later to Officer Rosenblum, should all be admitted. In his brief in support of his Motion to Suppress, the Defendant did not defend his motion to suppress the evidence seized from his car, or his statements to Officer Rosenblum, apparently conceding that those pieces of evidence, and statements, should be admitted. For that reason, and as further explained in the Government's Opening Brief, the evidence from

---

[1] No confidential information is included herein, therefore this brief is not filed under seal.

Defendant's car, and his statements to Officer Rosenblum, should be admitted.[2]  As explained below, the Defendant's statements to Officer Conkey are also admissible.

        2.      The Government must show only that a preponderance of the evidence supports the admission of the Defendant's statements to Officer Conkey.  See United States v. Matlock, 415 U.S. 164, 178 n.14 (1974).  The Defendant's brief in support of his motion to suppress focuses on only one issue: the credibility of Officer Conkey's testimony concerning when the Defendant was advised of his Miranda rights.  The Defendant's arguments attacking Officer Conkey's credibility do not have merit.  Because the Government has shown by a preponderance of the evidence that the Defendant's statements to Officer Conkey were post-Miranda, those statements are admissible.

        3.      Defendant first argues that the Court should find Officer Conkey not credible because Officer Conkey's report states that the Defendant was Mirandized at 13:50 hours, which the Defendant claims is inconsistent with Officer Conkey's testimony that the Defendant was Mirandized before he was asked questions.  This argument should be rejected.  The specific time that the Defendant was Mirandized is irrelevant; so long as the Defendant was Mirandized before he was questioned, the Defendant's statements are admissible.  Officer Conkey's testimony that Officer Reaves told him the Defendant was Mirandized before he was placed on the sidewalk

---

[2] Even if the Court were to conclude that Officer Reaves did not Mirandize the Defendant until after he made incriminating statements, as the Defendant argues, and even if the Defendant were challenging the admissibility of his statements to Officer Rosenblum, which he apparently is not doing, the Defendant's statements a day later to Officer Rosenblum, made after the Defendant was advised of his Miranda rights, and after he voluntarily initiated a conversation with Officer Rosenblum, would still be admissible.  See Oregon v. Elstad, 470 U.S. 298, 309-14 (1985); United States v. Velasquez, 885 F.2d 1076, 1085-88 (3d Cir. 1989); see also Govt's Op. Br. at 13-16.

(i.e., before he was questioned) was credible and uncontradicted.[3]

4. Also, Officer Conkey testified that the time of the Miranda warnings in his report (13:50) was an "estimated time." (Tr. at 24.) Officer Reaves did not give Officer Conkey an exact time; he placed his reading of the Miranda warnings in the sequence of the events that day. (Id.) Officer Conkey's testimony that he estimated the time of the Miranda warnings was credible and uncontradicted. Thus, the Defendant's argument merely shows, at most, that Officer Conkey's time estimate was wrong.

5. The Defendant next argues that the Court should reject Officer Conkey's testimony because Officer Conkey was found to be "less than forthcoming" in an unrelated proceeding in this Court. This argument should be rejected out of hand because counsel for the Defendant chose not to ask Officer Conkey about this finding during hearing. As a result, Officer Conkey was not given a chance to explain his testimony in the prior proceeding.[4]

6. Also, the judicial finding from the prior proceeding is irrelevant and prejudicial. The Court of Appeals for the Third Circuit has warned of the danger of prejudice in relying on extrinsic evidence that a witness was found in the past to be not credible. In United States v.

---

[3]Defendant attaches several exhibits to his brief that he claims show a forty-five minute gap between the time the Defendant was stopped and the time Officer Conkey estimated that the Defendant was advised of his rights. (Def.'s Br. at 6-7.) Defendant did not introduce any of these exhibits into evidence at the hearing, and, accordingly, they are not part of the record and should not be considered. Defendant's Exhibit A was the only exhibit that was even discussed at the hearing. In any event, at most, the Defendant's argument suggests only that Officer Conkey's time estimate may have been wrong. Defendant's argument does not suggest that the Defendant was questioned before being advised of his rights.

[4]Had Defense counsel asked Officer Conkey about this finding, for the reasons discussed herein, the Government would have objected to the question as calling for testimony that was irrelevant and prejudicial.

Davis, the Third Circuit stated that "counsel should not be permitted to circumvent the no-extrinsic-evidence provision [in Rule 608(b)(1)] by tucking a third person's opinion about prior acts into a question asked of the witness who has denied the act. . . . Allowing such a line of questioning not only puts hearsay statements before the jury, it injects the views of a third person into the case to contradict the witness. This injection of extrinsic evidence not only runs afoul of Rule 608(b), but also sets the stage for a mini-trial regarding a tangential issue of dubious probative value that is laden with potential undue prejudice." 183 F.3d 231, 257 n.12 (3d Cir. 1999) (citations omitted); but see United States v. Dawson, 434 F.3d 956, 958-59 (7th Cir. 2006). The Third Circuit's warning of prejudice applies with even more force here, given that the Defendant is trying to offer extrinsic evidence of Officer Conkey's credibility even though Officer Conkey was never asked about this judicial finding during the hearing. For all these reasons, the Defendant's argument that the prior judicial finding about Officer Conkey somehow impacts his credibility here, has no merit.[5]

7. The Defendant's suggestion that Fed. R. Evid. 201 somehow applies here is wrong. "[W]hen a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001) (quotation omitted). The finding from the prior proceeding is irrelevant.

8. Finally, the Defendant makes the curious argument that Officer Conkey's testimony should be viewed as not credible because the Government did not call Officer Reaves

---

[5]The Government respectfully disagrees with the credibility finding made in the prior proceeding, which the Government believes had no factual basis.

to testify. The Government's litigation strategy is irrelevant to the issues before the Court. In any event, Officer Reaves' testimony was not necessary given Officer Conkey's credible and uncontradicted testimony and the fact that hearsay was admissible during the hearing. The Defendant could have subpoenaed Officer Reaves to testify, but chose not to. For all of these reasons, the fact that the Government did not call Officer Reaves as a witness is irrelevant.

9. For the reasons set forth in the Government's Opening Brief and above, the Government respectfully requests that the Court deny the Defendant's Motion to Suppress Physical Evidence and Inculpatory Statements.

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

BY:    /s/ Seth M. Beausang
Seth M. Beausang (De. I.D. No. 4071)
Assistant United States Attorney
The Nemours Building
1007 Orange Street, Suite 700
P.O. Box 2046
Wilmington, DE 19899-2046

Dated: June 30, 2008.